IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 28 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00044-BNB

TIMOTHY S. TUTTAMORE,

    Plaintiff,

v.

DR. ALLRED, (ADX Medical dept.),
A. OSAGIE, (ADX Medical dept.),
M. SMITH, (ADX Medical dept.),
SHENG MO, (ADX Medical dept.),
S. KELLER, (ADX Medical dept.),
R. CAMACHO, (ADX Medical dept.),
B. CINK, (ADX Medical dept.),
DR. VINCENT YU,
UNKNOWN ADX PHARMACIST,
UNKNOWN LOCAL UROLOGIST, and
UNKNOWN ADX UTILIZATION COMM. MEMBERS, in their official and individual
    capacities,

    Defendants.

## ORDER TO FILE AMENDED COMPLAINT

Plaintiff, Timothy S. Tuttamore, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He initiated this action on January 7, 2011, by filing *pro se* a thirty-seven page "'Verified' Prisoner Complaint" including fifty-three pages of exhibits (document no. 1).

The Court must construe Mr. Tuttamore's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be

an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Tuttamore will be allowed one opportunity to file an amended complaint.

The Court has reviewed Mr. Tuttamore's complaint and finds that the complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Tuttamore asserts jurisdiction pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and various statutes, but he fails to allege which claims are asserted pursuant to *Bivens* and which are asserted pursuant to the cited statutes. He fails to set forth a short and plain statement of his

claims showing that he is entitled to relief. Rather than asserting each claim in a short and concise statement, he has presented, in a verbose and narrative chronological format a nineteen-page, single-spaced discussion of the nature of the case as a prelude to the three claims he asserts concerning his medical treatment. In addition, he attaches fifty exhibits totaling fifty-three pages to the complaint and, as a result, creates a morass of allegations he apparently expects the Court and the defendants to piece together. That is neither a judicial function nor the defendants' responsibility. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005).

It is Mr. Tuttamore's responsibility to present his claims in a manageable format that allows the Court and the defendants know what claims are being asserted and to be able to respond to those claims. Mr. Tuttamore must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. To state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Court, therefore, will give Mr. Tuttamore the opportunity to file an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 by asserting

his individual claims in a manageable format in one succinct document. In the amended complaint, Mr. Tuttamore must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Tuttamore must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010) (Tymkovich, J., concurring), *petition for cert. filed*, 79 U.S.L.W. 3362 (U.S. Dec. 1, 2010) (No. 10-741).

Mr. Tuttamore may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Tuttamore uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ.

P. 8. Mr. Tuttamore will be given one opportunity to cure the deficiencies in his complaint by submitting an amended complaint that states his claims clearly and concisely in compliance with Fed. R. Civ. P. 8 and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Timothy S. Tuttamore, **within thirty (30) days from the date of this order**, file an amended complaint that complies with this order and with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Tuttamore, together with a copy of this order, two copies of the following form, one of which is to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Tuttamore fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED March 28, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00044-BNB

Timothy S. Tuttamore
Reg. No. 43018-060
Florence ADX
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on March 28, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk