FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 5 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00044-BNB

TIMOTHY S. TUTTAMORE,

  Plaintiff,

v.

DR. ALLRED,
A. OSAGIE,
M. SMITH,
MR. FEHERHOFF,
SHENG MO,
S. KELLER,
R. CAMACHO,
B. CINK,
DR. VINCENT YU,
UNKNOWN ADX PHARMACIST,
UNKNOWN LOCAL UROLOGIST,
UNKNOWN ADX UTILIZATION COMMITTEE MEMBERS,
ADX WARDEN DAVIS,
BOP DIRECTOR LAPPIN, all in their official and individual capacities,

  Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Timothy S. Tuttamore, is a prisoner in the custody of the United States

Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary,

Administrative Maximum, in Florence, Colorado.  He initiated this action on January 7,

2011, by filing *pro se* a thirty-seven page "'Verified' Prisoner Complaint" pursuant to

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388

(1971), and various other statutes, plus fifty-three pages of exhibits (ECF No. 1).  He

also filed three motions, including a motion for injunctive relief concerning allegedly

inadequate medical treatment for his swollen left testicle.  He was granted leave to proceed pursuant to 28 U.S.C. § 1915 without an initial partial filing fee.

On January 24, 2011, the Court denied Mr. Tuttamore's motion for injunctive relief.  On February 1, 2011, Mr. Tuttamore appealed to the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) from the January 24 order, and from the denial of two other motions.  On March 28, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Tuttamore to file an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

On April 11, 2011, Mr. Tuttamore filed an objection to the March 28 order to file an amended complaint and a motion for extension of time to file the amended complaint in case the Court overruled his objection.  On April 14, 2011, the Court overruled Mr. Tuttamore's objection to the March 28 order.  In the April 14 order, the Court granted Mr. Tuttamore's request for an extension of time in which to submit the amended complaint, and warned him that this extension of time was the only extension he would be granted to file the amended complaint.  On April 19, 2011, the Tenth Circuit, in a consolidated appeal with two other cases, dismissed Mr. Tuttamore's appeal from the denial of his motion for injunctive relief, found the consolidated appeal to be frivolous, and assessed him a strike pursuant to 28 U.S.C. § 1915(g).  In the April 19 order, the Tenth Circuit noted:

> Despite his vehement and repeated (and often repetitious) pleas that he is suffering pain and has not received adequate treatment, the record reveals that he was seen many times by medical personnel and it was their professional and considered opinion that his condition was not serious, was improving, and would resolve itself.

2

*Tuttamore v. BOP Director Lappin*, Nos. 10-1524, 10-1558, and 11-1050, 2011 WL
1468369, at *5 (10th Cir. Apr. 19, 2011).

On May 17, 2011, Mr. Tuttamore submitted another motion for an extension of
time in which to submit the amended complaint. He alleged that he needed the
extension because BOP employees had not provided him with copies he needed to file
the amended complaint. He failed, however, to identify the copies he needed and the
reason the copies were necessary in order to file the amended complaint. On May 18,
2011, Magistrate Judge Boland denied the motion and reminded Mr. Tuttamore that the
April 14 order overruling his objection to the March 28 order granted him a thirty-day
extension of time and was the only extension he would be granted.

On May 23, 2011, Mr. Tuttamore filed *pro se* a fifty-eight-page "'Verified'
Prisoner Complaint" pursuant to *Bivens* and other statutes, plus sixty-five pages of
exhibits (ECF No. 43). He asserts fourteen claims concerning allegedly inadequate
medical treatment for his swollen left testicle.

The amended complaint does not comply with the pleading requirements of Fed.
R. Civ. P. 8. As Magistrate Judge Boland informed Mr. Tuttamore in the March 28 order
for an amended complaint, the twin purposes of a complaint are to give the opposing
parties fair notice of the basis for the claims against them so that they may respond and
to allow the Court to conclude that the allegations, if proven, show that the plaintiff is
entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American
Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). Magistrate Judge
Boland noted that the requirements of Fed. R. Civ. P. 8 are designed to meet these
purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062,

3

1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Magistrate Judge Boland specifically noted Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." He explained that the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."

Magistrate Judge Boland pointed out that, taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. He further pointed out that prolix, vague, or unintelligible pleadings violate Rule 8, and that, in order for Mr. Tuttamore to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Tuttamore's amended complaint fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Rather than asserting each claim in a short and concise statement, he has presented a five-page discussion of the nature of the case as a prelude to the forty-one page discussion of the fourteen claims, written in a verbose and narrative chronological format. In addition, he now attaches sixty-four exhibits totaling sixty-five pages to the end of the complaint and, as a result, creates a morass of allegations he apparently expects the Court and the defendants to piece together. As Magistrate Judge Boland informed Mr. Tuttamore in the March 28 order for

4

an amended complaint, that is neither a judicial function nor is it the defendants'
responsibility. The general rule that *pro se* pleadings must be construed liberally has
limits and "the Court cannot take on the responsibility of serving as the litigant's attorney
in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux
& Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Tuttamore still fails to meet the Court's directives and his responsibility to
present his claims in a manageable format that allows the Court and the defendants to
know what claims are being asserted and to be able to respond to those claims. He
continues to submit pages of verbose and disorganized information, instead of
consolidating that information into claims that are brief and to the point. For the
purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint
concisely states facts upon which relief can be granted upon any legally sustainable
basis." *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir.
1957).

As a result, the Court finds that the May 23 amended complaint fails to comply
with the pleading requirements of Fed. R. Civ. P. 8, and must be dismissed. A decision
to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See
Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v.
City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).

Accordingly, it is

ORDERED that the May 23, 2011, amended complaint and the action are
dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil
Procedure for the failure of Plaintiff, Timothy S. Tuttamore, to comply with the pleading

requirements of Fed. R. Civ. P. 8 and with the directives of the March 28, 2011, order for an amended complaint.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this ___25th___ day of _____May_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00044-BNB

Timothy S. Tuttamore
Reg. No. 43018-060
Florence ADX
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on May 25, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk